IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

        Plaintiff,                    No. CIV S-10-0203 JAM EFB P

   vs.

D.K. SISTO, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(17). *See* 28 U.S.C. § 636(b)(1). Presently before the court is defendants Mimis and Sisto's ("defendants") motion to dismiss plaintiff's equal protection claim for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dckt. No. 17. Plaintiff opposes the motion. Dckt. No. 19. For the reasons stated herein, the undersigned recommends that the motion to dismiss be denied.

**I.    Plaintiff's Allegations**

      This action proceeds on plaintiff's January 26, 2010 complaint on plaintiff's Eighth Amendment and Fourteenth Amendment equal protection claims against defendants. Dckt. Nos. 1, 6. Plaintiff alleges that California State Prison, Solano, where plaintiff is currently housed,

1

has a policy of only providing heat to inmates on one side of each housing unit during the winter and that defendants intentionally denied him heat during the winter months from 2003 through 2010.  Plaintiff alleges that as of December 2009, the heating ducts were not even connected to air vents inside the dormitory and that it gets so cold, "the walls sweat." Dckt. No. 1 at 13, 19.[1] Plaintiff alleges that in the winter it is often warmer outside than it is inside, where the temperatures range from the high 40s to the low 50s. *Id.* at 40.  Plaintiff claims to have been "tortured" every winter by the lack of heat. *Id.* at 12.  Plaintiff alleges that prison officials informed him that they do not heat both sides of the housing units because "it will become too stuffy." *Id.* at 13, 18.  Plaintiff claims that this violates his rights to equal protection.

## II.     Defendants' Motion to Dismiss

Defendants Mimis and Sisto move to dismiss plaintiff's equal protection claim pursuant to Rule 12(b)(6), on the ground that plaintiff has not alleged that any defendant discriminated against him based on his membership in a protected class.  Dckt. No. 17.

### A.     Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). The court need not accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A pro se litigant is, however, entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be

cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Discussion

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state a claim under § 1983 alleging violations of the equal protection clause, a plaintiff must allege facts showing that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes). A plaintiff must also plead facts to demonstrate that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Alternatively, a plaintiff may allege facts showing that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). That is, where state action does not implicate a fundamental right or a suspect classification, a plaintiff can establish an equal protection "class of one" claim by demonstrating that he "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Development Co.*, 375 F.3d at 944 (quoting *Village of Willowbrook*, 528 U.S. at 564).

Defendants are correct in arguing that plaintiff has not alleged that any defendant discriminated against plaintiff based on his membership in a protected class. However, it does not necessarily follow that no equal protection claim can be asserted. *See Engquist*, 553 U.S. at

601 ("an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one'"). Construing plaintiff's complaint liberally, as required, plaintiff alleges a cognizable equal protection claim as a "class of one." *See id.* at 602 ("When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference"); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. Cal. 2008) ("In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [defendant] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."); *see also Tunstall v. Knowles*, No. 2:08-cv-3176-WBS-JFM, 2010 U.S. Dist. LEXIS 79457, at *8-9 (E.D. Cal. Aug. 5, 2010). Plaintiff claims that unlike other inmates in his housing unit, defendants have intentionally deprived him of heat during the winter months. Plaintiff claims further that the heating ducts were not connected to the air vents inside his dormitory and that prison officials claimed that it would be too "stuffy" to provide both sides of the housing unit with heat. Although the rational basis test is not a difficult burden to satisfy, the court cannot say at this stage in the proceedings that an absence of heating ducts or a feeling of "stuffiness" would provide a rational basis for treating plaintiff differently than other similarly situated inmates. Accordingly, defendants' motion to dismiss plaintiff's equal protection claim pursuant to Rule 12(b)(6) because plaintiff has not alleged that defendants intentionally discriminated against him based on his membership in a protected class, must be denied.

**III.    Conclusion**

Accordingly, it is hereby recommended that defendants' November 19, 2010 motion to dismiss plaintiff's equal protection claim pursuant to Rule 12(b)(6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE