IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

    Plaintiff,                      No. CIV S-10-0203 JAM EFB P

    vs.

D.K. SISTO, et al.,

    Defendants.                ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(17). *See* 28 U.S.C. § 636(b)(1). Defendants Mimis and Sisto's ("defendants") have filed a second motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b) and 12(b)(6). Dckt. No. 22.[1] Defendants apparently overlooked Rule 12(g)(2)'s limitation on further motions, as this is their second Rule 12 motion to dismiss. *See* Dckt. No. 17. The earlier motion argued that plaintiff failed to state a claim as to his equal

---

[1] Plaintiff filed an opposition and defendants filed a reply. Dckt. Nos. 24, 27. Thereafter, plaintiff filed a surreply. Dckt. No. 28. Defendants move to strike the surreply. Dckt. No. 30. The Local Rules provide only for a motion, an opposition and a reply. E.D. Local Rule 230. Plaintiff neither sought nor obtained court approval before filing his surreply. Accordingly, the undersigned does not consider the surreply in resolving defendants' motion.

1

protection claim. *Id.* That motion was denied. Dckt. Nos. 29 and 32. The instant motion argues that the complaint is time barred, that plaintiff failed to exhaust, and that he fails to state a claim as to his Eighth Amendment allegations. Though it appears defendants could, and should have included all of their defenses in a single Rule 12 motion or the latter motion separately under Rule 56, the undersigned will address defendants' second motion for the sake of judicial economy. As discussed below, the issue of exhaustion is analyzed under Rule 56 standards, and for the reasons stated herein, plaintiff has failed to exhaust available administrative remedies.

**I.     Background**

This action proceeds on plaintiff's January 26, 2010 complaint premised on Eighth Amendment and equal protection claims. Dckt. Nos. 1, 6. Plaintiff alleges that California State Prison, Solano has a policy of only providing heat to inmates on one side of each housing unit during the winter and that defendants intentionally denied him heat during the winter months from 2003 through 2010. Plaintiff alleges that as of December 2009, the heating ducts were not even connected to air vents inside the dormitory and that it gets so cold, "the walls sweat." Dckt. No. 1 at 13, 19.[2] Plaintiff alleges that in the winter it is often warmer outside than it is inside, where the temperatures range from the high 40s to the low 50s. *Id.* at 40. He claims to have been "tortured" every winter by the lack of heat. *Id.* at 12. He also alleges that prison officials informed him that they do not heat both sides of the housing units because "it will become too stuffy." *Id.* at 13, 18.

Defendants move to dismiss on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendants also move to dismiss for failure to state a claim because: (1) the alleged conditions of confinement do not amount to cruel and unusual punishment in violation of the Eighth Amendment; (2) plaintiff has failed to specifically allege

---

[2] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by plaintiff.

facts linking defendants to the claimed violations; and (3) claims based on conditions existing before January 2006 are barred by the statute of limitations.

## II.     Exhaustion of Administrative Remedies

### A.     Exhaustion Under The PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be

1   "available," there must be the "possibility of some relief. . . ." *Booth*, 532 U.S. at 738.  Relying

2   on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Although a motion to dismiss for failure to exhaust administrative remedies prior to filing suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling on such a motion requires the court to look beyond the pleadings in the context of disputed issues of fact the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003).  Because care must be taken not to resolve credibility on paper as it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.  *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Defendants bear the burden of proving plaintiff's failure to exhaust.  *Wyatt*, 315 F.3d at 1119.  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

On September 14, 2010, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d

4

952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**B.     Discussion**

Defendants contend that plaintiff failed to exhaust his administrative remedies because: 1) he did not pursue his appeal to the final level of review before initiating this lawsuit, and 2) after receiving his first level response, plaintiff did not file another appeal when the heat was not provided to his dorm.  In support of their motion, defendants submit: (1) the declaration of D. Foston, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation ("CDCR") ("Foston Decl.") and (2) the declaration of S. Cervantes, Appeals Coordinator for the Institutional Appeals Office at California State Prison, Solano ("Cervantes Decl.").  Defendants also reference exhibits to plaintiff's complaint.

According to defendants' evidence, the only appeal filed by plaintiff at any formal level of review that is relevant to the issues raised in this lawsuit is the appeal designated log no. CSP-S-08-00557.  Cervantes Decl. ¶¶ 4-6; Exs. A, B, C, D, E, F.  The exhibits to the Cervantes Declaration show that plaintiff submitted this grievance on January 26, 2008, complaining that his dorm was receiving no heat for the fifth consecutive winter.  *Id.*, Ex. D at 1.  In the grievance, plaintiff requested that heat be provided to all dorms by February 5, 2008.  *Id*.  Prison staff responded to the grievance at the informal level, stating that the average building temperature was 73 degrees on January 31, 2008, and that all air handlers were serviced and working properly.  *Id*.  Based on this information, plaintiff's grievance was partially granted.  *Id*.  Plaintiff, dissatisfied with this response, appealed to the first level of review.  *Id*.

A response to plaintiff's first level appeal was issued on March 19, 2008.  Defs.' Mot. to Dism., Mem. of P. & A. in Supp. Thereof ("Defs.' P. & A.") at 5 (citing Pl.'s Compl. (Dckt. No. 1) at 46).  Like the response to plaintiff's appeal at the initial level of review, the first level response stated that the air equipment in plaintiff's unit was working properly and that the average housing unit temperature was 73 degrees on January 31, 2008.  *Id*.  This time, however,

5

1  the appeal response indicated that plaintiff's appeal was fully granted. *Id*. After receiving the
2  first level response, plaintiff did not indicate on his grievance form that he was dissatisfied, nor
3  did he seek further administrative review. Cervantes Decl., Ex. D at 2; Foston Decl., Ex A. The
4  appeal form that accompanied the first level response informed plaintiff that if he was
5  "dissatisfied," he should explain his "reasons for requesting a Second-Level Review . . . ."
6  Cervantes Decl., Ex. D at 2.

7  Defendants' evidence establishes that plaintiff did not pursue a final level appeal prior to
8  filing suit. Plaintiff contends, however, that he was not required to appeal the first level response
9  to exhaust his administrative remedies because his appeal was granted at the first level of review.
10  Pl.'s Opp'n at 1-2.

11  To satisfy the PLRA's exhaustion requirement, an inmate is not always required to
12  appeal his grievance through the third level of review. *See Brown*, 422 F.3d at 940 (an inmate
13  need not exhaust further levels of review upon receiving all available remedies at an intermediate
14  level of review). In *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), the plaintiff filed a
15  grievance requesting that he be provided either a hearing and certain videotape evidence, or that
16  prison officials dismiss a disciplinary charge. Prison officials partially granted his grievance and
17  informed him that he would be provided a hearing and access to the requested videotape. *Id*. at
18  683. The plaintiff was satisfied with this response and did not appeal the decision. *Id*. at 685.
19  After five months without receiving the requested relief, the plaintiff used an appeal form to
20  complain that he was never provided the relief promised. *Id.* Prison officials construed his
21  complaint as an appeal of the decision granting him a hearing, and rejected it as untimely. *Id*.
22  The plaintiff subsequently filed suit and defendants moved to dismiss for failure to exhaust
23  administrative remedies. *Id*. at 683.

24  The Court of Appeals for the Ninth Circuit held that the plaintiff had "exhausted the
25  administrative process when the prison officials purported to grant relief that resolved his . . .
26  grievance to his satisfaction." *Id*. at 686. The court explained:

6

> An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies. Nor is it the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised. *See Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion.").
>
> . . . Once the prison officials purported to grant relief with which [the inmate] was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision.

*Id.* at 685.

Defendants contend that plaintiff did not exhaust his available administrative remedies because prison officials did not purport to grant the relief plaintiff sought. Plaintiff's grievance specifically requested that prison officials supply heat to all dorms. Although his grievance was partially granted at the informal level and fully granted at the first level of review, neither response stated that prison officials would provide heat to all dorms. The responses at both levels essentially informed plaintiff that the heating system in his dorm was working properly and that he was being provided adequate heat. Cervantes Decl., Ex. D at 16; Defs.' P. & A. at 5 (citing Pl.'s Compl. (Dckt. No. 1) at 46).

Furthermore, plaintiff was dissatisfied with the responses. After receiving the initial response, he indicated on his grievance form that he was not satisfied. Cervantes Decl., Ex. D at 1, 5. He stated that the response was "misleading and false" because prison officials measured the temperature in the dayroom and not the temperature in plaintiff's dorm. *Id*. at 5. Plaintiff further stated "[h]ow could he partially grant my complaint when he didn't do anything other than lie." *Id*. The response at the first level of review, though indicating plaintiff's grievance was fully granted, was virtually the same response given at the informal level, i.e., that the heating system was functioning properly and building heat was adequate. Defs.' P. & A. at 5 (citing Pl.'s Compl. (Dckt. No. 1) at 46). Given that plaintiff was dissatisfied with the response at the informal level of review, he would have been equally dissatisfied with that same response

7

at the first level of review. Thus, plaintiff did not receive a "favorable decision" at either the informal or first level of review and further, *see Harvey*, 605 F.3d at 685, and further administrative review was available.

Unlike the inmate in *Harvey*, plaintiff was not promised the relief he sought. Because neither response purported to grant plaintiff his requested relief, he was required to further appeal his grievance prior to filing this suit. *See Coats v. Fox*, No. Civ. S-09-1300 CMK P, 2011 U.S. Dist. LEXIS 14132, at *4-7 (E.D. Cal. Dec. 9, 2011) (where inmate's appeal was "granted" at the first level of review, but did not promise the inmate his requested relief, he "could have, and in order to exhaust his claim should have, appealed that decision to the next level."). Defendants have shown that plaintiff did not pursue available administrative remedies after receiving the first level response to his appeal, and have therefore met their burden of proving the absence of exhaustion.

The undersigned concludes that plaintiff failed to exhaust available administrative remedies and that defendants' motion should therefore be granted.[3]

### III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall terminate docket number 30, defendants' August 11, 2011 motion to strike.

Further, IT IS HEREBY RECOMMENDED that defendants' June 21, 2011 motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[3] Accordingly, the undersigned need not address defendants' alternative arguments for dismissal.

8

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: February 22, 2012.

      _____
      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE