UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE,<br><br>    Plaintiff,<br><br>  v.<br><br>D.K. SISTO, et al.,<br><br>    Defendants. | No. 2:10-cv-0203-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 alleging that his conditions of confinement violate his Eighth Amendment rights. The court previously granted defendants Mimis and Sisto's motion to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit. ECF No. 37. In doing so, the court declined to consider the alternate grounds for dismissal argued in the motion. *See* ECF No. 22. The U.S. Court of Appeals for the Ninth Circuit reversed that ruling and remanded the action for further proceedings. ECF No. 43. After the mandate spread, the case was reopened in this court and defendants' motion to dismiss was resubmitted for ruling on alternative grounds for the motion. ECF Nos. 44 & 45. The court now issues the following findings and recommendations addressing those alternate arguments. *See* ECF No. 22. For the reasons that follow, the court recommends that the motion be granted.

/////

1

**I.      The Complaint**

Plaintiff alleges in his complaint that defendant Sisto, Warden of California State Prison, Solano ("CSP-Solano"), and defendant Mimis, the CSP-Solano Plant Operations Manager, denied him heat every winter from 2003 through 2010. ECF No. 1 at 4.[1] Plaintiff alleges that defendants knew they were denying him heat because it was the prison's policy to heat only one side of each housing unit during the winter. *Id.* at 8. According to plaintiff, the policy was based on the belief that if both sides of the housing units were heated, it would "become too stuffy." *Id.* at 13, 18.

Plaintiff concedes that the temperature in the dayroom is kept between 68 and 72 degrees. *Id.* at 20. Nevertheless, he claims to have been "tortured" every winter by the lack of heat in his housing unit, explaining that that is where he lives and sleeps for "24 hours per day seven days per week." *Id.* at 12, 20. He claims that his housing unit is 10 to 15 degrees colder than the dayroom and has never exceeded 54 degrees but for a handful of times. *Id.* at 20. He estimates that the temperatures range from 48 to 50 degrees. *Id.* at 21. He claims it is so cold that he is "forced to wear two pairs of socks, one set of thermal underwear, one sweat shirt and one sweat pants, one T shirt, one pair of . . . boxer short, [and] two pairs of home made gloves," just to stay warm. *Id.* at 12. In addition, he is forced to sleep "under three wool blankets[,] two cotton blanket[s] plus one sheet." *Id.* Plaintiff warns, however, that the state-issued clothing is "very thin" and that he is "lucky" when he has access to more than one wool blanket. *Id.* at 34.

He claims that as of December 2009, the heating ducts were not connected to the air vents inside the housing units. *Id.* at 13. He claims that after they were connected, he was provided with heat, but only from 8:00 p.m. to 2:00 a.m., that it took three hours to heat up, and that by 3:30 a.m., the housing unit "became a freezer again." *Id.* at 13, 21. He claims it is so cold, "the walls sweat." *Id.* at 19.

Plaintiff alleges that his conditions of confinement amount to cruel and unusual punishment in violation of the Eighth Amendment. He also claims that the conditions violate his

/////

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

2

Fourteenth Amendment right to equal protection. Plaintiff seeks damages and injunctive relief. *Id.* at 4.

## II. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other

3

papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.    Analysis**

Defendants argue that (1) the complaint fails to state a claim against Warden Sisto or Plant Operations Manager Mimis, (2) the conditions alleged in the complaint, although uncomfortable, do not amount to cruel and unusual punishment, and (3) claims based on conditions existing before January 2006 are barred by the statute of limitations. ECF No. 22.[2]

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). In sum, plaintiff must identify the particular person or persons who violated his

---

[2] Plaintiff filed an opposition and defendants filed a reply. ECF Nos. 24, 27. Thereafter, plaintiff filed a surreply. ECF No. 28. Defendants move to strike the surreply. ECF No. 30. The Local Rules provide only for a motion, an opposition and a reply. E.D. Local Rule 230. Plaintiff neither sought nor obtained court approval before filing his surreply. Accordingly, the undersigned has not considered the surreply in resolving defendants' motion.

rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Defendants first argue that plaintiff has improperly based his claims on a theory of respondeat superior liability rather than the defendants' personal involvement. Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* However, defendants' characterization of plaintiff's claims lack merit. Plaintiff plainly alleges that it was Sisto who "denied him and other prisoners heat during the cold winter months." ECF No. 1 at 4. He also alleges that both defendants "agreed to provide heat . . . but didn't." *Id.* Plaintiff's allegations in this regard, while succinct, are not improperly based on a theory of respondeat superior liability. Accordingly, defendants' motion to dismiss on this basis must be denied.

Defendants next argue that the complaint fails to state a claim because the conditions of confinement alleged therein are not inhumane or in any way violative of the Eighth Amendment. The Eighth Amendment of the U.S. Constitution protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Prison officials "must provide humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To succeed on an Eighth Amendment conditions-of-confinement claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities (the objective component) and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety (the subjective component). *Id.* at 834. To show deliberate indifference, the prisoner must establish

5

1 that the defendant knew of and disregarded an excessive risk to inmate health or safety; "the
2 official must both be aware of facts from which the inference could be drawn that a substantial
3 risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

4     Courts have addressed the question of proper heating in the context of claims of cruel and
5 unusual punishment and have held that "[t]he Eighth Amendment guarantees adequate heating."
6 *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996). Temperature is inadequate when it would
7 pose "a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Exposure to ice-cold
8 temperatures at night may pose a substantial risk of serious harm. *See Gillespie v. Civiletti*, 629
9 F.2d 637, 642 (9th Cir. 1980) (finding that temperatures near freezing at night in isolation cell
10 may allege a constitutional violation). On the other hand, exposure to temperature that is merely
11 uncomfortable, however, is not such a serious deprivation as to violate the Eighth Amendment.
12 *Keenan*, 83 F.3d at 1091.

13     Defendants argue that plaintiff's conditions alleged here were better than the unsuccessful
14 plaintiff in *Faunce v. Gomez*, 1998 U.S. App. LEXIS 22703 (9th Cir. Sept. 17, 1998). The
15 plaintiff in *Faunce* complained that his cell temperature was 50-60 degrees and that his bedding
16 was insufficient. *Id.* at *4. The court determined that those complaints did not constitute a
17 deprivation of basic human needs in violation of the Eighth Amendment. *Id.*

18     Plaintiff asserts in his opposition brief that he was subjected to eight years of "freezing"
19 temperatures. ECF No. 24 at 10. His complaint, however, alleges that the temperatures actually
20 ranged from 48 to 54 degrees, that he had access to several layers of clothes and bedding, and that
21 he also had access to the dayroom where the temperatures were kept comfortable. Thus, although
22 the cell temperature may at times have ranged at levels plaintiff found uncomfortable, they were
23 not at the level of freezing. Further, the allegations of the complaint do not support the
24 characterization in the opposition brief that the bedding has been insufficient. His declaration
25 attached to the complaint states that because of the cold he wears "two pairs of socks, one set of
26 thermal underwear, one sweat shirt and one sweat pants, one T shirt, one pair of regular boxers
27 /////
28 /////

short[s], two pairs of home made gloves just *to stay warm*."[3] ECF No. 1 at 12 (emphasis added). His declaration adds that "he is forced to wear all of that while he sleep[s] plus he must sleep under three wool blankets and two cotton blanket[s] plus one sheet all because the dorm is so cold." *Id.* While plaintiff has made his point, he would like his cell warmer, the allegations in his declaration attached to the complaint undermine the characterization in his opposition brief of freezing temperatures and only one blanket.[4] Thus, although "a low cell temperature at night combined with a failure to issue blankets" might satisfy the objective prong of the test, *see Wilson v. Seiter*, 501 U.S. 294, 304 (1991)) the allegations of the complaint fail to demonstrate that here.

      The conditions as alleged in the complaint and its attachments do not amount to the kind of extreme conditions prohibited by the Eighth Amendment. At worst, the allegations demonstrate that plaintiff was exposed to uncomfortable conditions but not conditions so extreme as to satisfy the Eighth Amendment test. *Cf. Micenheimer v. Soto*, No. CV 13:3853-CJC (JEM), 2013 U.S. Dist. LEXIS 132280 (allegations that plaintiff was forced to endure cold temperatures for at least seven weeks when his cell received no heat and continued to be exposed to cold air from the air conditioner despite below-freezing outside temperatures as low as 9 degrees Fahrenheit, coupled with allegations that he did not receive thermal bedding or thermal clothing to protect himself from the cold sufficiently alleged a denial of the minimal civilized measure of life's necessities); *Fields v. Junious*, No. 1:09-cv-1771-AWI-DLB, 2012 U.S. Dist. LEXIS 80751, at *21-22 (E.D. Cal. June 11, 2012) (in-cell exposure to "ice cold air" for over six months could rise to the level of a serious harm within the meaning of the Eighth Amendment); *Lopez v. Adams*, No. 1:07-cv-0808-LJO-DLB, 2011 U.S. Dist. LEXIS 5881, at *18-19 (E.D. Cal. Jan. 21, 2011) (placement of inmate in a cold cell, without mattress, linens, or clothing, combined with temperatures "in the thirties" could violate the Eighth Amendment). Defendants' motion to

---

[3] Documents attached to the complaint "are part of the complaint" and may be considered in determining whether the complaint satisfies the requirements of Rule 12(b)(6). *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

[4] Plaintiff's opposition brief claims that he was sometimes limited to one blanket or denied extra clothes, and that he was sometimes prevented from attending the dayroom because of lockdowns. ECF No. 24 at 10-12.

dismiss on this basis must be granted. However, plaintiff should be given leave to amend in the event that he can allege facts that would cure the defects in his Eighth Amendment claim.

Lastly, defendants contend that claims based on conditions existing before January 2006 are barred by the statute of limitations. Plaintiff failed to respond to this argument in his opposition, and has thus waived any opposition thereto. *See* ECF No. 24; E.D. Cal. Local Rule 230(*l*). For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Effective January 1, 2003, the statute of limitations for filing personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. California Code of Civil Procedure § 352.1 provides prisoners with two years of tolling from accrual. *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999). Therefore, plaintiff's claims arising from lack of heat before January 25, 2006 (four years before the complaint was delivered to prison officials for mailing) are barred by the statute of limitations. This is a defect that cannot be cured through amendment. Thus, claims based on conditions existing before January 2006 must be dismissed without leave to amend.

**IV.     Recommendation**

Accordingly, It is hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 22) be granted in that plaintiff's Eighth Amendment claim be dismissed with leave to amend, and that claims based on conditions existing before January 2006 be dismissed without leave to amend, as barred by the statute of limitations;

2. Plaintiff be granted leave to file an amended complaint to cure the deficiencies in his Eighth Amendment claim, within thirty days of the filing date of any order adopting these recommendations; and

3. If plaintiff chooses not to file an amended complaint and instead, to proceed solely on his Fourteenth Amendment claim, then defendants be required to file an answer within 45 days of the filing date of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2014.

/s/ Edmund F. Brennan

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE