UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

        Plaintiff,

   v.

D.K. SISTO, et al.,

        Defendants.

No. 2:10-cv-0203-JAM-EFB P

ORDER

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion requesting that defendants be sanctioned for denying him a copy of his deposition transcript and a motion to compel further responses to his requests for production of documents. For the reasons that follow, the motions are denied.

     Plaintiff claims that "[d]efendants have knowingly violated the discovery rules and Plaintiff['s] rights by denying him a copy of the [deposition transcript]." *See* ECF No. 76 at 2. Defendants, however, are not obligated to provide plaintiff with a free copy of the deposition transcript. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff must first pay for a copy of the deposition transcript, and then obtain it from the officer before whom the deposition was taken. Fed. R. Civ. P. 30(f)(3). Although plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, that statute does not authorize the expenditure of public funds for deposition transcripts. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per

1    curiam) ("'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only

2    when authorized by Congress'") (alteration in original) (quoting *United States v. MacCollom*, 426

3    U.S. 317, 321 (1976)).  If plaintiff wishes to obtain a copy of his deposition transcript, he must

4    follow the steps outlined in Rule 30.  Because plaintiff fails to demonstrate any basis for sanctions

5    against defendants, the motion is denied.

6         Plaintiff also moves to compel further responses to all of his requests for production of

7    documents, arguing generally, that defendants "failed to provide any of the requested documents

8    [and] repeatedly stated they would not provide any documents."  ECF No. 77 at 2.   Defendants

9    opposed the motion.  ECF No. 78.  Plaintiff did not file a reply.

10        As the moving party, plaintiff bears the burden of informing the court of (1) which

11   discovery requests are the subject of his motion to compel, (2) which of defendants' responses are

12   disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections

13   are not justified, and (5) why the information he seeks through discovery is relevant to the

14   prosecution of this action.  *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009

15   U.S. Dist. LEXIS 9568, (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff

16   seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); *Ellis v. Cambra*,

17   No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050 (E.D. Cal. Mar. 27, 2008)

18   ("Plaintiff must inform the court which discovery requests are the subject of his motion to

19   compel, and, for each disputed response, inform the court why the information sought is relevant

20   and why Defendant's objections are not justified.").

21        Plaintiff served each defendant with 24 requests for production of documents.  ECF No.

22   77 at 90-103, 117-131.  As to each request, defendants provided a response or an objection.  *Id.*

23   Plaintiff moves to compel further responses to every one of his requests without explaining why

24   any particular response is deficient or why any objection lacks merit.  Plaintiff thus fails to carry

25   his burden on his motion to compel.  Moreover, the court has reviewed defendants' responses and

26   notes that the objections asserted are not boilerplate, but rather, tailored to the specific

27   deficiencies in each request.  For example, plaintiff repeatedly sought documents that would

28   support various contentions of the defendants.  Defendants' responses explained that they had

1 never made the stated contentions and appropriately objected to those requests as argumentative.
2 Other requests required responsive documents only if defendants had not made an "unqualified
3 admission" in response to a specific request for admission.  Where defendants had admitted the
4 request at issue, they properly responded to the requests for production as inapplicable. There is
5 also nothing facially deficient about defendants' objections to other requests as equally available
6 to plaintiff, overbroad, vague, ambiguous, and unintelligible. Plaintiff's motion fails to explain
7 why any of these objections is not justified or to clarify his requests in ways that would allow
8 defendants to respond.

9 In response to other requests, defendants stated that they could not provide the requested
10 documents because the documents described do not exist.  In contending that defendants "do not
11 say they don't have [the requested documents], they just refused to provide them," plaintiff
12 misstates the record.  ECF No. 77 at 3.

13 Defendants also responded to numerous requests by agreeing to produce certain
14 photographs for plaintiff to view, but declining to produce the photographs for plaintiff to
15 possess, citing "security reasons."  Plaintiff has not shown that his ability to view, but not keep,
16 copies of the photos prevents him from prosecuting his case.  Whether viewing the photos might
17 provide further information on that question remains to be seen.  But he has failed to establish a
18 need to keep copies that outweighs the security issues raised by defendants if such photos were to
19 remain in an inmate's possession.  Plaintiff does point out that the photographs referenced by
20 defendants were previously provided to him and made part of the record in this case when
21 defendants submitted them with a motion to dismiss in 2015.  ECF No. 77 at 5; *see also* ECF No.
22 60-4.  However, plaintiff also states, without elaboration, that the photographs "are not what he is
23 seeking" in response to his document requests.  ECF No. 77 at 5.  Thus, while plaintiff effectively
24 undermines any purported security concerns with respect to the previously filed photographs, he
25 nevertheless fails to show that any further responses should be compelled.  Rather, his statement
26 that he is not seeking copies of the photos that were previously submitted with a motion to
27 dismiss indicates that he is attempting to obtain copies of other photos that, according to the
28 defendants, would raise security concerns if plaintiff were allowed to keep them.  Thus, he simply

has not demonstrated a need for copies of specific photographs or that such need outweighs the security concerns raised by defendants.

   Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion requesting that defendants be sanctioned for denying him a copy of his deposition transcript (ECF No. 76) is denied.
2. Plaintiff's motion to compel further responses to his requests for production of documents (ECF No. 77) is denied.

DATED: January 17, 2017.

          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE